UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NYK BULKSHIP (ATLANTIC) NV,

                             Plaintiff,

-v-

FOUTA CORPORATION,

                             Defendant.
------------------------------------------------------------x

**VERIFIED COMPLAINT**

Plaintiff, NYK BULKSHIP (ATLANTIC) NV (hereinafter "NYK"), by its attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendant, FOUTA CORPORATION (hereinafter "FOUTA"), alleges upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, NYK, was and still is a foreign business entity duly organized and existing pursuant to the laws of Belgium, with a principal place of business at Antwerp Tower (15th Floor), de keyserlei 5 (bus 15) B-2018 Antwerpen, Belgium

3. At all times material hereto, Defendant, FOUTA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with a principal place of business at: Vai Town, Bushrod Island, P.O. Box 4603, Monrovia, Liberia.

## FACTS AND CLAIM

4. On February 16, 2009, NYK, as disponent owners of the vessel M/V SEABOXER II, and Startac Enterprises Ltd, as charterers, entered into a charter party agreement for the carriage of a cargo of bagged cement ("the cargo") from Antalya, Turkey to Douala, Cameroon.

5. On or about March 19, 2009, Bills of Lading were issued, and the vessel proceeded to Douala, Cameroon, where the cargo was to be discharged into the care of the receivers.

6. The receivers refused to make payments for the cargo, and NYK was forced to apply to the High Court in London to shift the vessel to another discharge port in Monrovia, Liberia. *See High Court Order, attached hereto as Exhibit 1.*

7. On or about May 22, 2009, the vessel arrived in the port of Monrovia, Liberia and Plaintiff NYK immediately took steps to find a buyer for the cargo.

8. In or around late May 2009, NYK entered into a maritime agreement with Global Alliance Trading Inc. (hereinafter "GAT"), whereby GAT was responsible for discharging the cargo from the vessel and its subsequent storage.

9. At all material times, NYK had a lien on the cargo, pending its sale.

10. Pursuant to the agreement between NYK and GAT, on May 25, 2009, GAT entered into a Memorandum of Understanding (hereinafter "MOU") with Defendant FOUTA, whereby FOUTA agreed to arrange for the sale of the cargo in Liberia.

11. On August 10, 2009, a Liberian Court ordered that funds arising from the sale of the cargo must be deposited into an escrow account at Ecobank, an African bank.

12.     By early September 2009, approximately one hundred seventy thousand (170,000) of the five hundred thousand (500,000) bags of cement had been sold at US$6.50 per bag, which should have resulted in a total value of about US$1,105,000.00 to be held in the escrow account.

13.     As of the time of this writing, Plaintiff NYK has discovered that approximately US$28,000.00 has been deposited in the Ecobank escrow account.

14.     FOUTA has not deposited the remainder of the funds from the sale of the cargo because Defendant has applied the funds for alleged warehousing and cargo services. FOUTA is in breach of the MOU and in direct contravention of the Liberian Court Order.

15.     According to the terms of the MOU, Defendant FOUTA was responsible for prepaying and pre-financing all costs associated with cargo handling (stevedoring, hauling and stacking, surveying and overhead costs).

16.     Upon the final conclusion of the sale and distribution of the cargo, FOUTA was to provide a proper accounting and invoice for the pre-paid and pre-financed services. No such accounting has been given.

17.     Accordingly, FOUTA in breach of its duties and obligations, has wrongfully misappropriated the funds, violating both the MOU and the Liberian Court's Order of August 10, 2009.

18.     FOUTA acted in bad faith, with malice, and with reckless disregard of Plaintiff's rights in failing to comply with its responsibilities in handling the cargo.

19.     As a result of FOUTA's improper handling of the cargo, Plaintiff NYK has incurred damages of approximately US$1,077,000.00, the difference between the

approximate value of the cargo sold (US$1,105,000.00) and the value deposited in the escrow account (US$28,000.00).

20.    Litigation on this matter is presently ongoing before Liberian Court, in Monrovia, Liberia.

21.    This action is in aid of Liberian Civil Court Proceedings. Plaintiff seeks to obtain adequate security to satisfy a potential judgment in Plaintiff's favor and to obtain jurisdiction over Defendant FOUTA.

22.    As best as can now be estimated, the Plaintiff, NYK expects to recover the following amounts in Liberian Civil Court proceedings from Defendant FOUTA:

| | | |
|---|---|---|
| A. | Principal claim: | $1,077,000.00 |
| B. | Estimated interest on Principal claim: 3 years at 7.5%, compounded quarterly | $268,944.54 |
| C. | Estimated attorneys' fees and costs: | $ 100,000.00 |
| | **Total Claim:** | **$ 1,445,944.54** |

23.    Therefore, NYK's total claim for improper handling of cargo against Defendant FOUTA is in the aggregate US $1,445,944.54.

BASIS FOR ATTACHMENT

24.    Defendant, FOUTA, cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District

held by various parties, as garnishees, including by not limited to electronic fund transfers.

25.  Defendant FOUTA is continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

26.  Defendant, FOUTA, is the largest importer of rice and flour into Liberia and frequently transacts this business in U.S. Dollars.

27.  All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

28.  Plaintiff believes that some of these assets of Defendant, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 2*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US $1,445,944.54 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       October 15, 2009

                                    CHALOS & CO, P.C.
                                    Attorneys for Plaintiff
                                    NYK BULKSHIP (ATLANTIC) NV

                            By:     _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (516) 750-9051
                                    Email: gmc@chaloslaw.com

# EXHIBIT 1

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

The Honourable Mr Justice Teare

AND IN AN ARBITRATION APPLICATION BETWEEN:

**NYK BULKSHIP (ATLANTIC) NV**

Applicant/Disponent Owners

and

**STARTAC ENTERPRISES INC**

Defendant/Charterers

IN THE MATTER OF AN ARBITRATION BETWEEN:

**NYK BULKSHIP (ATLANTIC) NV**

Claimant/Owners

and

**STARTAC ENTERPRISES INC**

Respondent/Charterers

mv "SEABOXER II" C/p dated 2/3/09

---

**ORDER**

---

**UPON HEARING** Counsel for the Claimant

**AND UPON READING** the witness statement of Soto Diamantis Skinitis dated 11th May 2009, the documents attached thereto and the Notices by e-mail dated 11th May, 12th May and 13th May sent by the Claimant's solicitors to the Defendants, the Norwegian Hull Club, SC DIS Ticaret STI and Entreprise Generale Batiments Travaux Publics, and upon noting (as stated to the Court by Counsel) the absence of any constructive response thereto

1

AND UPON the Claimant undertaking by Counsel to abide by any order this Court may make as to damages in case this Court shall hereafter be of the opinion that the Defendant shall have sustained any by reason of this order which the Claimant ought to pay; and

IT IS ORDERED AND DIRECTED THAT

1. Pursuant to CPR 62.5(b) the Claimant be given permission to serve the Arbitration Claim Form, the skeleton argument and the documents attached thereto and this Order and any necessary translations of the same upon the Defendant out of the jurisdiction of this Court;

2. Pursuant to CPR 6.8 the Defendant be given permission to serve the documents at 1. above by an alternative method namely by service on the Defendant's P&I Club, the Norwegian Hull Club, and by e-mail to info@startacship.com.

AND IT IS ORDERED AND DIRECTED THAT:

1. The Defendant give orders for the immediate discharge of the cargo presently laden on board the mv SEABOXER II.

2. If the Defendant has not complied with 1. above by 1600 hours on Friday 15th May 2009 then pursuant to section 44(2)(c)(i) of the *Arbitration Act 1996* the Claimant shall be at liberty to take the cargo to Monrovia, Liberia and discharge it there into a bonded warehouse.

3. The aforesaid order and direction shall be without prejudice to the Defendant's obligations to pay freight, demurrage and expenses (to the extent that these may be due under the charterparty) and to the Claimant's lien on the cargo under the charterparty.

4. The Defendant be at liberty to apply on 6 hours notice to the Claimant's solicitors to vary or discharge this order.

AND THAT the costs of and occasioned by this application be costs in the arbitration

Liberty to the Defendant to apply on 6 hours' notice to the Claimant's Solicitors, Swinnerton Moore, London.

Dated this 14th day of May 2009.

2

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NYK BULKSHIP (ATLANTIC) NV,

                                         Plaintiff,        09 CV

-v-
                                                                            **ATTORNEY'S**
                                                                                 **DECLARATION THAT**
                                                                                 **DEFENDANT CANNOT**
                                                                                 **BE FOUND IN THE**
FOUTA CORPORATION,                               **DISTRICT**

                                           Defendant.
-----------------------------------------------------------------x

      This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, NYK BULKSHIP (ATLANTIC) NV, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

      Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

      I am a Member of the firm of Chalos & CO, P.C., attorneys for Plaintiff in the above referenced matter.

      I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, FOUTA CORPORATION, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      I have personally inquired or have directed inquiries into the presence of the defendant in this District.

Chalos & Co. Ref: 2016.020                           1

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of October 15, 2009, the defendant is not incorporated pursuant to the laws of New York, and has not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant are found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
       October 15, 2009

                                      Chalos & CO, P.C.
                                      Attorneys for Plaintiff
                                      NYK BULKSHIP (ATLANTIC) NV

                                      By: _____
                                      George M. Chalos (GC-8693)
                                      123 South Street
                                      Oyster Bay, New York 11771
                                      Tel: (516) 714-4300
                                      Fax: (866) 702-4577
                                      Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NYK BULKSHIP (ATLANTIC) NV,

                    Plaintiff,          09 CV

-v-

                                    **VERIFICATION OF**
                                    **COMPLAINT**

FOUTA CORPORATION,
                    Defendant.
------------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.    I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, NYK BULKSHIP (ATLANTIC) NV, herein;

      2.    I have read the foregoing Verified Complaint and know the contents thereof; and

      3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       October 15, 2009

                                         CHALOS & CO, P.C.
                                         Attorneys for Plaintiff
                                         NYK BULKSHIP (ATLANTIC) NV

                        By:   _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (516) 750-9051
                                    Email: gmc@chaloslaw.com

Chalos & Co. Ref: 2016.020